Christian J.
concurred in the opinion of Moncure P.
Staples J. was of opinion that the notices left at the defendant Wm. ÍT. McVeigh’s house and the hank were not sufficient; and that notice of the dishonor •of the notes should have been given after the close of the war in a reasonable time. He concurred in the opinion of Anderson J. on the question of the sufficiency of the notice. In all other respects he "concurred in the opinion of Moncure P.
Bouldin J. concurred in omnibus in the opinion of Anderson J.
The judgment was as follows:
*852 The court is of opinion, for reasons stated in writ- and filed with the record, that the judgment of the court below is erroneous, and that whilst it did not err in refusing to give the fifth, eighth, ninth and eleventh instructions moved by the plaintiff below, or giving the first, second, fourth, fifth, eighth, jjÍQ^b, and tenth instructions moved by the defendant, it did err in giving the second and third instructions moved by the said plaintiff. The court is further of opinion that the notices addressed to Vm. R. McVeigh, delivered to his white servant at his residence in Alexandria, and the notice delivered to Ramsay at the Bank of the Old Dominion, under the facts and circumstances disclosed by the record, were insufficient in law; and that in order to bind the said McVeigh as indorser, it was incumbent upon the defendant in error, within a reasonable time after communication was restored between the parties by the termination of the war, to give the said indorser notice of the non-payment and dishonor of the notes in controversy, which were indorsed by him for the accommodation of the makers. And as to the other two notes which do not appear to have been indorsed for the accommodation of the makers, there is no error in the fourth instruction given by the court for the plaintiff with regard to them; and that for the foregoing reasons which are more fully set forth in the opinion filed with the record as aforesaid, the court erred in refusing to give the defendant’s third instruction, and also' in overruling his motion for a new trial.
It is therefore considered that the judgment of the Corporation court of the city of Alexandria be reversed and annulled, the verdict of the jury set aside, and a new trial awarded the plaintiff in error. And *853 that the defendant in error do pay to the plaintiff in error his costs expended in the prosecution of his writ of supersedeas here. And the cause is remanded to said Corporation court for further proceedings therein in conformity with the principles herein declared, and in the opinion of the court filed with the record.
Judgment reversed.